UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQULYNN PATRICIA POWELL,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.  1:22-cv-00411-CDB (SS)<br><br>ORDER ON STIPULATION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d), AND COSTS PURSUANT TO 28 U.S.C. § 1920<br><br>(Doc. 30)<br><br>ORDER DISREGARDING WITHDRAWN MOTION FOR ATTORNEY'S FEES AND DIRECTING CLERK OF THE COURT TO TERMINATE AS MOOT<br><br>(Docs. 27, 28) |

Pending before the Court is the stipulated request of Plaintiff Jacqulynn Patricia Powell ("Plaintiff") for the award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $4,750.00 and costs pursuant to 28 U.S.C. § 1920, in the amount of $402.00.[1]  (Doc. 30).  Plaintiff filed a motion and amended motion for attorney's fees prior to filing the pending stipulation (Docs. 27, 28), which Plaintiff represents are withdrawn in light of the stipulation (Doc. 30 at 3).

The parties agree that an award of attorney's fees to counsel for Plaintiff should be made

---

[1] Both parties have consented to the jurisdiction of a U.S. magistrate judge for all proceedings in this action, in accordance with 28 U.S.C. § 636(c)(1).  (Doc. 8).

payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the Commissioner shall cause the payment of fees, expenses, and costs to be made directly to Plaintiff's counsel, Jonathan O. Pena. *Id*. at 2.

On September 9, 2025, the Court granted Plaintiff's motion for summary judgment and remanded the case to the Commissioner for further proceedings. (Doc. 25). Judgment was entered the same day. (Doc. 26). On December 10, 2025, Plaintiff filed a motion for attorney's fees. (Docs. 27, 28). Plaintiff's filing is timely. *Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007). On December 11, 2025, Plaintiff filed the pending stipulation for attorney's fees as a prevailing party and withdrew the motion for attorney's fees. (Doc. 30). *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party).

The EAJA provides for an award of attorney fees to private litigants who both prevail in civil actions (other than tort) against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, a court shall award attorney fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." *Id*. Here, the government did not show its position was substantially justified and the Court finds there are not special circumstances that would make an award unjust. Moreover, the Commissioner does not oppose the requested relief. (Doc. 30); *see Sanchez v. Berryhill*, No. 1:16-cv-01081-SKO, 2018 WL 509817, at *2 (E.D. Cal. Jan. 23, 2018) (finding position of the government was not substantially justified in view of the Commissioner's assent to remand); *Knyazhina v. Colvin*, No. 2:12–cv–2726 DAD, 2014 WL 5324302, at *1 (E.D. Cal. Oct. 17, 2014) (same).

Plaintiff requests an award of $4,750.00 in EAJA fees and $402.00 in costs. (Doc. 30). Plaintiff attaches to the stipulation a signed fee agreement (Doc. 30-1) and an itemization of time, providing a calculation of the time spent each year multiplied by the applicable EAJA rate, and totaling $5,222.30 (Doc. 30-2). The Ninth Circuit maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living, on its website. *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005). Even assuming Plaintiff's counsel

seeks the median of the published maximum rate associated with the relevant years (2022, 2023) during which he engaged in the majority of his services in this case (which the Court finds to be $239.78),[2] the requested award would amount to approximately 20 hours of attorney time (not accounting for any paralegal time expended). The Court finds this reasonable and commensurate with the number of hours an attorney would need to have spent reviewing the certified administrative record in this case (approximately 391 pages; Doc. 14) and preparing a motion for summary judgment that includes two issues and approximately five pages of argument (Doc. 20 at 7-11). With respect to the results obtained, Plaintiff's counsel obtained a favorable judgment remanding the case for further proceedings. (Docs. 25, 26).

Under the EAJA, the Court may award a judgment of costs to the prevailing party. 28 U.S.C. § 2412(a)(1) (citing 28 U.S.C. § 1920). Though the parties do not discuss in their stipulation the basis for the costs requested, the Court notes $402.00 was the initial filing fee for this action. *See* (Doc. 1) ("Filing fee $ 402"). Costs include, among other things, court filing fees. *See* 28 U.S.C. § 1920; *Armstrong v. Astrue*, No. CIV-S-07-1456-DAD, 2008 WL 2705023, at *2 (E.D. Cal. Jul. 9, 2008) (granting prevailing plaintiff's request for reimbursement of filing fee).

EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If the Commissioner determines upon effectuation of this order that Plaintiff's EAJA fees are not subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

Accordingly, it is HEREBY ORDERED:

1. Plaintiff's stipulated request for attorney's fees pursuant to the EAJA (Doc. 30) is GRANTED; and
2. The Commissioner is directed to pay to Plaintiff as the prevailing party attorney's fees in the amount of $4,750.00, pursuant to the terms set forth in the parties' stipulation. (Doc. 30). Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the

---

[2] *Statutory Maximum Rates Under the Equal Access to Justice*, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited December 12, 2025).

payment of fees, expenses, and costs to be made directly to Plaintiff's counsel, as set forth in the stipulation.

3. Plaintiff is awarded $402.00 in costs pursuant to 28 U.S.C. § 1920.
4. Plaintiff's motion for attorney's fees (Docs. 27, 28) is DISREGARDED as withdrawn.
5. The Clerk of the Court is DIRECTED to terminate Plaintiff's motion for attorney's fees (Doc. 27, 28) as MOOT.

IT IS SO ORDERED.

Dated:   **December 12, 2025**

UNITED STATES MAGISTRATE JUDGE